IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LINDA LEE,                          *

    Plaintiff,                   *

vs.                                 *
                             CASE NO. 4:15-CV-194 (CDL)
ERIC FANNING, Secretary,            *
Department of the Army,
                        *

    Defendant.                   *
_____     *

<u>O R D E R</u>

Plaintiff Linda Lee was employed by the U.S. Department of the Army as a human resources assistant. Lee asserts that she suffered from a disability, and she alleges that the Army discriminated against her based on her disability and her race. Lee also contends that the Army retaliated against her when she asked for accommodations for her disability. Lee brought disability discrimination and retaliation claims under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq*. She brought race discrimination claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The Army filed a motion to dismiss, and Lee filed a motion to amend her Complaint. For the reasons set forth below, the motion to dismiss (ECF No. 9) is granted, and the motion to amend (ECF No. 11) is denied as futile.

DISCUSSION

I.   **Lee's ADA and § 1981 Claims**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer,* 510 U.S. 471, 475 (1994)).  If sovereign immunity applies, the Court lacks "jurisdiction to entertain the suit." *Meyer*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Thus, because Lee "is suing the Army, she bears the burden of establishing that the federal government has waived its sovereign immunity with respect to her claim[s]." *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010).  Waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, (1969).

First, the United States did not waive its sovereign immunity in Title I of the Americans with Disabilities Act ("ADA").  The ADA prohibits disability discrimination by a "covered entity."  42 U.S.C. § 12112(a).  A "covered entity" is "an employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. § 12111(2).  But the United States is expressly excluded from the term "employer." 42 U.S.C. § 12111(5)(B)(i).  Thus, Congress chose not to submit the United States to suit under Title I of the ADA, and the Army is therefore entitled to sovereign immunity on Lee's ADA claims.

2

Second, the United States did not waive its sovereign immunity in 42 U.S.C. § 1981. Section 1981's right to make and enforce contracts is "protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Nothing in the statute itself establishes that the United States may be sued under § 1981. Furthermore, "[i]t is well established in [the Eleventh Circuit] that the United States has not waived its immunity to suit under the provisions of the civil rights statutes," including § 1981. *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982). Section 1983 does not help Lee's cause because § 1983 only provides "a remedy for deprivation of rights under color of state law." *Carman v. Parsons*, 789 F.2d 1532, 1534 (11th Cir. 1986) (per curiam) (quoting *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978). Section 1983 "does not apply when the defendants are acting under color of federal law." *Id.* (quoting *Mack*, 575 F.2d at 489). For these reasons, the Army is entitled to sovereign immunity on Lee's § 1981/§ 1983 claims.

Lee contends that she should be permitted discovery "to determine the substantive weight of Defendants' arguments as it relates to sovereign immunity." Pl.'s Resp. to Def.'s Mot. to Dismiss 3, ECF No. 12. But no amount of discovery will help Lee on this point because even if all of the facts she alleges in her Complaint are taken as true, she cannot state a claim

against the Army under the ADA, § 1981, or § 1983.  In sum, the Court does not have jurisdiction over Lee's ADA, § 1981, and § 1983 claims because the United States has not waived its sovereign immunity as to those claims.

## II.  Lee's Title VII Claim

Lee invoked Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* as a jurisdictional basis for her claims.  Lee did not reference Title VII in the claims for relief section of her Amended Complaint or her proposed Amended Complaint, but she does summarily allege that the Army denied her "employment opportunities based on her national origin, ethnicity, and race."  Am. Compl. ¶ 52, ECF No. 3.  Title VII prohibits discrimination motivated by race, color, or national origin, and Title VII is the exclusive judicial remedy for a federal employee complaining of employment discrimination. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, (1976) (finding that "§ 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment"); *accord* 42 U.S.C. § 2000e-16(a) (stating that personnel actions for federal employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin").  Thus, although Lee's Complaint, Amended Complaint, and proposed Amended Complaint are sloppily drafted and do not explicitly

state a claim under Title VII, the Court finds that the Amended Complaint, taken as a whole, can be interpreted as attempting to assert a race discrimination claim under Title VII.

Lee did not, however, allege any facts to explain what employment opportunities she was denied or that any denial was motivated by her race. Based on the Court's review of Lee's Amended Complaint (and proposed Amended Complaint), Lee did not allege any facts to suggest that she suffered an adverse employment action based on her race. But the Army did not seek dismissal on that ground, so the Court declines to dismiss this action based on Lee's failure to allege sufficient facts to support her race discrimination claim. The Court nonetheless finds that Lee's action must be dismissed for failure to exhaust administrative remedies.

The Army argues that if Lee's Complaint is construed to assert a Title VII claim, that claim fails because Lee did not timely exhaust her administrative remedies. A federal employee with a Title VII claim "is required to pursue and exhaust her administrative remedies as a prerequisite to filing suit." *Duberry v. Postmaster Gen.*, No. 15-13441, 2016 WL 3182668, at *1 (11th Cir. June 8, 2016) (per curiam). Failure to exhaust administrative remedies is grounds for dismissal. *Id.* at *2.

A federal employee asserting claims of discrimination must first file a complaint with the agency that allegedly

discriminated against her.  After the agency issues a final decision, the employee may appeal to the Equal Employment Opportunity Commission. 29 C.F.R. § 1614.401(a).  Such an appeal "must be filed within 30 days of receipt of the" final decision. 29 C.F.R. § 1614.402(a).  If the employee timely appeals to the EEOC, the employee may file a civil action in a U.S. District Court "[a]fter 180 days from the date of filing an appeal with the [EEOC] if there has been no final decision by the [EEOC]. 29 C.F.R. § 1614.407(d).  In the alternative, if the employee does not appeal to the EEOC, she may file a civil action in a U.S. District Court "[w]ithin 90 days of receipt of the final action."  29 C.F.R. § 1614.407(a); *accord* 42 U.S.C.A. § 2000e-16(c).

In her Amended Complaint, Lee summarily alleges that she "filed timely charges of discrimination with the Equal Employment Opportunity Commission" and "brought suit within ninety (90) days of receipt of the Notice of Right to Sue."  Am. Compl. ¶ 3.  Lee acknowledges in her response to the Army's motion to dismiss that she did not follow this process; rather, she asserts that she followed the "Federal Sector EEO Process" Pl.'s Resp. to Def.'s Mot. to Dismiss 6, ECF No. 12.  Lee did not submit any evidence to support her argument that she timely exhausted her administrative remedies.

In support of its motion to dismiss, the Army submitted a copy of the Department of the Army's final decision and a copy of Lee's response to the Army's final decision. Lee did not object to the authenticity of these documents, which are central to her contention that she timely filed a charge of discrimination. The Court will thus consider these documents. *See Urquilla-Diaz v. Kaplan Univ.,* 780 F.3d 1039, 1053 n.12 (11th Cir. 2015) ("In ruling on a motion to dismiss, the court may consider an extrinsic document if (1) it is central to a claim in the complaint, and (2) its authenticity is unchallenged.").

The Army's final agency decision is dated May 29, 2015, and the certificate of service states that the Army transmitted the decision to Lee via certified mail from Washington, DC to Columbus, GA on May 29, 2015. Def.'s Mot. to Dismiss Ex. 1, Final Agency Decision (May 29, 2015), ECF No. 9-2 at 1, 26. Lee did not point to any evidence on when she received the final agency decision. Lee prepared a response to the final agency decision, and she mailed it via certified mail to the Army's EEO Compliance and Complaints Review Director on July 28, 2016, presumably because the final decision instructed her to send a copy of her appeal to that address. Def.'s Mot. to Dismiss Ex. 2, Pl.'s Response to Final Agency Decision (mail date July 28, 2015), ECF No. 9-3. It is not clear from the present record

whether Lee also sent her response directly to the EEOC as she was required to do, but the Court assumes for purposes of the pending motion that she did so when she sent the Army a copy of her appeal on July 28, 2015.  Lee filed this action on December 2, 2015.

Once a defendant contests the issue of whether a plaintiff met the conditions precedent to her Title VII action, the plaintiff has the burden of establishing that she did meet the conditions precedent.  *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982).  Here, the Army presented evidence suggesting that Lee's Title VII action was untimely. In response, Lee did not provide any evidence that she filed her appeal within thirty days after receiving the Army's final decision.  To find that Lee timely filed her appeal within thirty days after she received the Army's final decision, the Court would have to speculate that Lee did not receive the final decision until thirty days after the Army mailed it via certified mail from Washington, DC to Columbus, GA on May 29, 2015.[1]  The Court cannot engage in such speculation, and the Court finds that Lee has not met her burden of establishing that she appealed the Army's final decision within thirty days of receiving that decision as required by 29 C.F.R. § 1614.402(a).

---

[1]  The Court notes that it only took nine days for the Army's EEO Compliance and Complaints Review Director to receive a copy of Lee's appeal, which was sent via certified mail from Georgia to Virginia.

Lee also did not establish that she filed this action within ninety days of receiving the Army's final decision as required by 29 C.F.R. § 1614.407(a).[2]

## III. Lee's Motion to Amend

Lee argues that the Court should grant her motion to amend and should consider her proposed Amended Complaint rather than her Amended Complaint.  Lee further contends that her proposed Amended Complaint renders the Army's motion to dismiss moot. But it does not make a difference which version of the Complaint the Court considers.  Based on the Court's review, the proposed Amended Complaint is different from the Amended Complaint in just two ways: (1) it is against Patrick Murphy, who served as acting Secretary of the Army for a short time after John McHugh retired from the position and before Eric Fanning was confirmed the new Secretary of the Army;[3] and (2) the Army's service address is updated.  Other than these changes, the proposed Second Amended Complaint is identical to the First Amended Complaint.  There are no new facts or claims for relief.  There

---

[2] Even if the Court were to speculate that Lee timely appealed the Army's final decision to the EEOC by sending her response on July 28, 2015, she would still have a problem because a civil action cannot be filed until "[a]fter 180 days from the date of filing an appeal with the [EEOC] if there has been no final decision by the [EEOC]." 29 C.F.R. § 1614.407(d).  Thus, if Lee had filed a timely appeal with the EEOC on July 28, 2015, she was required to wait until January 25, 2016 to file this action.

[3] In her response to the Army's motion to dismiss, Lee acknowledged that Fanning is now Secretary of the Army and adjusted the case caption on her response brief.

are no new allegations regarding Lee's exhaustion of administrative remedies.

Thus, under both the Amended Complaint and the proposed Amended Complaint, Lee is attempting to assert ADA, § 1981/§ 1983, and Title VII claims against the Army. As discussed above, sovereign immunity bars the ADA and § 1981/§ 1983 claims, and the Title VII claims fail because Lee did not exhaust her administrative remedies. Accordingly, Lee's proposed amendment is futile and is thus denied. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

CONCLUSION

For the reasons set forth above, the Army's Motion to Dismiss (ECF No. 9) is granted, and Lee's Motion to Amend (ECF No. 11) is denied.


IT IS SO ORDERED, this 22nd day of July, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA