```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

LINDA LEE,                          *

    Plaintiff,                   *

vs.                                 *
                                        CASE NO. 4:15-cv-194 (CDL)
ERIC K. FANNING, Secretary of       *
the Army,
                                    *
    Defendant.
                                    *

# O R D E R

The Court dismissed Plaintiff Linda Lee's Complaint because Lee did not show that she timely appealed the Army's final decision on her employment discrimination claims. Order Granting Mot. to Dismiss 6-9, July 22, 2016, ECF No. 14. And if Lee had established that she timely appealed the Army's final decision, her Complaint would have been premature. *Id.* at 9 n.2.[1]

Lee now seeks to introduce evidence to establish when she received the Army's final decision and when she sent her appeal to the Equal Employment Opportunity Commission. Lee did not offer any reason for her failure to provide this "new" evidence in response to the Army's motion to dismiss, except to say that there

---

[1] Even if the Court considered Lee's present argument that she filed her appeal on June 29, 2015, her December 2, 2015 Complaint was still premature because she was not permitted to file her civil action until "[a]fter 180 days from the date of filing an appeal with the [EEOC] if there has been no final decision by the [EEOC]." 29 C.F.R. § 1614.407(d). If Lee filed her EEOC appeal on June 29, 2015 as she now argues, she was required to wait until December 26, 2015 to file this action.

was "some confusion" about this issue due to "a change" in her attorney's office. Pl.'s Mot. for Recons. 4, ECF No. 17.

The Court entered its order granting the Army's motion to dismiss on July 22, 2016. Judgment was entered against Lee on the same day. Under Local Rule 7.6, if Lee wished to file a motion for reconsideration, it was due "within fourteen (14) days after entry of the order"—on August 5, 2016. M.D. Ga. R. 7.6. And if Lee intended her "Motion for Reconsideration" to be a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), the motion was due "no later than 28 days after the entry of the judgment"—on August 19, 2016. Fed. R. Civ. P. 59(e). The Court "must not extend the time to act under" Rule 59(e). Fed. R. Civ. P. 6(b)(2). Lee did not file her Motion for Reconsideration until August 22, 2016.[2] Thus, whether it is a motion for reconsideration or a motion to alter or amend the judgment, Lee's motion (ECF Nos. 16 & 17) is untimely, and the Court denies it.

IT IS SO ORDERED, this 8th day of September, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] The three-day extension available under Rule 6(d) for certain kinds of service does not apply to service deadlines under Rule 59(e). *Sequoia Fin. Sols., Inc. v. Warren*, No. 15-11534, 2016 WL 4375008, at *3 (11th Cir. Aug. 17, 2016) (per curiam).